# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

O

Case No. SACV 11-275 DOC (MLGx)                                   Date: June 23, 2011

Title: ACCO BRANDS USA LLC v. HEWLETT PACKARD COMPANY, ET AL.

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

|                Julie Barrera                |                Not Present                |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

|                NONE PRESENT                |                NONE PRESENT                |
| :---: | :---: |

PROCEEDING (IN CHAMBERS):        GRANTING DEFENDANTS' MOTIONS TO DISMISS

      Before the Court are Motions to Dismiss filed by Defendants Hewlett Packard Company and Accessory Solutions International LLC in the above-captioned case (collectively, "Motions to Dismiss") (Dockets 17, 19). The Court finds these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons discussed below, the Court GRANTS the Motions to Dismiss.

## I.      BACKGROUND

      According to the Complaint, Plaintiff Acco Brands USA LLC ("Plaintiff") manufactures and sells office equipment, including computer physical security devices.  Complaint ("Compl."), ¶ 2. Plaintiff is the holder of several patents relating to its products, including United States Patent 7,100,403, United States Patent 7,121,125, United States Patent 6,122,561, United States Patent 6,321,579 and United States Patent 6,662,602. *Id.* at ¶¶ 13, 19, 25, 31, 37. Plaintiff alleges that Moving Defendants Hewlett Packard Company and Accessory Solutions International, LLC (collectively, "Moving Defendants") offer products that infringe each of these patents. *Id.* at ¶¶ 14, 20, 25, 26, 32, 38.

      Moving Defendants bring the instant Motions to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

Plaintiff's Complaint cannot survive Moving Defendants' 12(b)(6) challenge. Each of Plaintiff's infringement allegations against Moving Defendants consists of a single sentence that merely restates the legal standard. Specifically, with the exception of the relevant patent number, every infringement allegation states as follows:

Defendants . . . have directly infringed, induced infringement, and

> contributorily infringed ACCO's exclusive rights under the '403
> Patent by manufacturing, offering to sell and/or selling products
> that embody the inventions of and are within the scope of the '403
> Patent and by causing others to use Defendants' infringing
> products. Defendants continue to so infringe, induce infringement
> and contributorily infringe.

Compl, ¶ 14. These generic allegations fail to specify the basis for a claim or infringement or even to identify the allegedly infringing product.

Plaintiff contends that these kinds of generic allegations are permissible in a suit for direct patent infringement because, according to Plaintiff, this statement tracks the language of Form 18, a model "Complaint for Patent Infringement" appended to the Federal Rules of Civil Procedure ("Form 18"). Form 18's proposed allegation reads as follows:

> The defendant has infringed and is still infringing the Letters
> Patent by making, selling and using _electric motors_ that
> embody his patented invention, and the defendant will
> continue to do so unless enjoined by this court.

Form 18, Exh. 4 to Pl.'s Opp. Certain courts have questioned the validity of Form 18 following the Supreme Court's decisions in *Twombly* and *Iqbal*. *See, e.g. Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075 at *6 (N.D. Cal. 2010); *Tyco Fire Products LP v. Victaulic Co.*, 2011 WL 1399847 at *9 (E.D. Pa. 2011). Others have found that compliance with Form 18 remains sufficient to state a claim. *See, e.g. Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F.Supp.2d 1156, 1158 (C. D. Cal. 2010).

The Court need not choose sides for purposes of resolving the instant Motions to Dismiss: Plaintiff's Complaint fails even when measured against the lenient criteria of Form 18. Unlike Form 18, which identifies the allegedly infringing device (electric motors) giving rise to the suit, Plaintiff's Complaint states only that Defendants' "products" infringe. Moving Defendants sell, manufacture and use a multiplicity of "products." Without any sort of factual specificity in the Complaint, Moving Defendants have no notice of the claims they are required to meet and defend. Even prior to the Supreme Court's decision in *Twombly*, the need to provide such notice lay at heart of Fed. R. Civ. P. 8(a). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (explaining that the Rule exists in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Plaintiff's Complaint, as currently plead, cannot survive.

## IV. DISPOSITION

For the reasons explained above, Moving Defendants' Motions to Dismiss are GRANTED. Plaintiff's claims against Moving Defendants are DISMISSED WITH LEAVE TO

AMEND.

Plaintiff shall file any amended complaint by July 12, 2011.

The Clerk shall serve this minute order on all parties to the action.